MEMORANDUM OF DECISION ON DEFENDANT’S MOTION FOR REARGUMENT AND RECONSIDERATION

SUMMARY
EAGAN, J.
In 2008, the plaintiff, John D. Izbicki, appealed from an Order of the Director of *134 Regulation (the Director) revoking his gaming license. In March 2009, this Court reversed and remanded the case for a new hearing on the grounds that the Notice of the hearing violated plaintiffs procedural due process rights.
Following the remand hearing, the Director again issued an Order on June 8, 2009, revoking plaintiffs gaming license, which plaintiff appealed. The appeal was sustained on November 17, 2009 on the grounds that the revocation of plaintiffs gaming license was arbitrary, capricious and not supported by substantial evidence in the record.
Subsequently, the defendant filed a Motion for Reargument and Reconsideration of this Court’s November 17, 2009 decision. The Motion for Reconsideration is granted. However, even after reconsideration, the plaintiffs appeal must be sustained in that the Director’s order revoking his license was an abuse of discretion and, therefore, arbitrary and capricious.
BACKGROUND
The plaintiff was employed by the Mohegan Tribal Gaming Authority (MTGA) as a floor supervisor at the Mohegan Sun Casino. In 2008, the plaintiff was arrested and charged with the possession and cultivation of a controlled substance based on his growing marijuana plants in his yard for his personal use.
The Superior Court placed the plaintiff into a drug education/rehabilitation program, following which all charges against him were dismissed.
The issue now before the Court is the propriety of this Court’s November 17, 2009 decision finding that the Director had abused his discretion in revoking plaintiffs license. It is the defendant’s position that this Court’s decision sustaining plaintiffs appeal was erroneous, and that the Court should reconsider and reverse its prior decision.
DISCUSSION
The gravamen of the defendant’s Motion for Reconsideration is that the Court’s November 17 decision interfered with the Director’s exercise of discretion. Specifically, the defendant asserts that the Court erred in its decision by “... limiting the discretion of the Director so as to require him to show that a licensee’s misconduct occurs on the Mohegan Reservation or is directed at Mohegan employees,” for it to be grounds for license revocation. Defendant’s Memorandum of Law in Support of Motion For Reargument and Reconsideration, p. 3, January 14, 2009.
In so arguing, the defendant misconstrues the Court’s November 2009 decision. The decision did not hold, nor intend to suggest, that unless an employee’s criminal conduct occurred on the Reservation or involved Mohegan employees, it could not be the basis for the revocation of a gaming license. Rather, the Court found it to be arbitrary and capricious for the Director to conclude that because the plaintiff had engaged in criminal conduct, ipso facto, the integrity of the gaming enterprise was jeopardized. Memorandum of Decision, November 17, 2009.
The real issue here is the proper interpretation of the language in the Tribal-State Gaming Compact, as restated in decisions of the Gaming Disputes Court, and the Office of the Director, that for a criminal activity to form the basis for a license revocation, it must: “pose a threat to the effective regulation of gaming or create or enhance the chances of unfair or illegal practices, methods and activities in the conduct of the gaming activities ...” Tribal-State Gaming Compact, Section 5(g) and Nesbit v. Office of the Director of Regulation, 2 G.D.R. 11, 4 Am. Tribal Law 545 (2003); Davidson v. Director of Regu- *135 lotion, 3 G.D.R. 1, 6 Am. Tribal Law 568 (2005); Decision of the Office of the Director in John Izbicki Paragraph 5, Conclusions of Law, p. 7, June 8, 2009.
The defendant would construe this language as establishing “a bright-line rule requiring revocation in light of clear convincing evidence of criminal conduct.” Defendant’s Memorandum at p. 6. “Since the evidence of criminal behavior is undisputed, the Director’s judgment must be affirmed.” Defendant’s Memorandum at p. 8. In other words, according to the defendant, once a criminal activity has been shown by credible evidence, revocation of a gaming license is mandatory. If the defendant is correct, then proof of criminal conduct, even of minor automobile infractions which are defined as criminal, require revocation of the employee’s gaming license.
This Court’s November 2009 decision rejected such an interpretation, finding instead that there must be proof of criminal conduct and also proof that such conduct posed a threat to the integrity of the gaming enterprise. In its pending Motion, defendant persuasively argues that it is virtually impossible for the Director to meet the burden of proving a criminal activity actually threatens the integrity of the gaming enterprise. Upon reconsideration, we agree with the defendant on this point and find that once a criminal activity has been established under the preponderance of the evidence test, whether such criminal activity poses a threat to the gaming enterprise is best left to the sound discretion of the Director.
However, while it is a well-established principle that a reviewing court should not interfere with the exercise of discretion, this presupposes that discretion was in fact exercised. “While it is normally true that this court will refrain from interfering with a trial court’s exercise of discretion ..., this presupposes that the trial court did in fact exercise its discretion ... ”, Higgins v. Karp, 243 Conn. 495, 504, 706 A.2d 1 (1998), quoting from State v. Colton, 234 Conn. 683, 703, 663 A.2d 339 (1995), cert. denied 516 U.S. 1140, 116 S.Ct. 972, 133 L.Ed.2d 892 (1996); “Where ... the trial court is properly called upon to exercise its discretion, its failure to do so is error.”, Miller v. Fishman, 102 Conn. App. 286, 925 A.2d 441 (2007); see also State v. Martin, 201 Conn. 74, 88, 513 A,2d 116 (1986).
Here the record does not reflect that the Director exercised any discretion in revoking the plaintiffs gaming license. To the contrary, the Director chose to adopt what the defendant calls the “bright-line rule requiring revocation in light of clear evidence of criminal conduct.” Or, as this Court found in its November 2009 decision, having concluded there was sufficient evidence that the plaintiff cultivated and used marijuana, ipso facto, the integrity of the gaming enterprise was jeopardized. In so doing, the Director exercised no discretion, and, therefore, its decision revoking plaintiffs gaming license is arbitrary and capricious.
So ordered.